GERMÁN GONZÁLEZ, ETC., Plaintiffs and Appellees, *v.* COMMONWEALTH OF PUERTO RICO, Defendant and Appellant.

No. R-69-335.    Decided November 12, 1970.

*Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellant. *Francisco Parra Toro, Waldemar Del Valle López, Quintín Morales Ramírez,* and *Manuel A. Frau Pietri* for the Municipality of Ponce.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On February 16, 1967, the spouses Germán González and Herminia Colón, by themselves and in representation as parents with patria potestas of their minor son Edgardo González Colón, filed a complaint for damages before the

Superior Court, Ponce Part, against the Commonwealth of Puerto Rico. It was alleged in the complaint that on June 16, 1960, the Commonwealth administered and operated in the City of Ponce the hospital institutions known as Hospital Valentín Tricoche and the District Hospital Dr. José N. Gándara; that on that date the minor Edgardo González Colón was taken to the Hospital Valentín Tricoche to receive medical treatment, that there some serum was negligently administered to the minor in his left leg, and an ulcer was developed as a consequence thereof in said leg, for which reason he had to be submitted to several surgical interventions and as a result thereof the minor was left with a scar which deformed his left leg.

The Secretary of Justice having been duly summoned filed his answer to the complaint on February 13, 1968.

On August 28, 1969 the Commonwealth filed a Third-Party Complaint against the Municipality of Ponce alleging in substance that at the time of the accident the Hospital Valentín Tricoche of Ponce and the District Hospital José N. Gándara were administered and operated by the Municipality and therefore the negligence charged upon the Commonwealth of Puerto Rico, if there was any, would be equally charged upon the third-party defendant, the Municipality of Ponce.

On September 29, 1969, the Municipality of Ponce answered the third-party complaint and on October 6 of the same year filed a motion for summary judgment alleging that Hospital Valentín Tricoche as well as the District Hospital of Ponce are administered, operated, maintained, and controlled by the Secretary of Health of Puerto Rico. A copy of the agreement executed between the Municipality of Ponce and the Secretary of Health on September 28, 1962, was attached to the motion for summary judgment.

On October 30, 1969, the Commonwealth filed a motion in opposition to the summary judgment claiming that according to the clauses of the contract between the Municipality of

Ponce and the Department of Health, said Municipality is also liable for any damage caused in Hospital Valentín Tricoche through the fault or negligence of any officer or employee of said hospital.

On November 10, 1969, the Superior Court, Ponce Part, rendered a summary judgment dismissing the third-party complaint filed by the Commonwealth.

Feeling aggrieved by the judgment rendered, the Commonwealth requested the review of the judgment rendered by the trial court because it understands that the following errors were committed:

1. "The trial court erred in concluding that from the face of the agreement executed between the Municipality of Ponce and the Secretary of Health on September 28, 1962, the Department of Health of the Commonwealth of Puerto Rico is the only one in charge of the administration, operation, maintenance, and control of the Hospital Valentín Tricoche in Ponce."

2. "The trial court erred in concluding that pursuant to the provisions of Act No. 213 of May 15, 1948, as amended, the Department of Health of the Commonwealth of Puerto Rico is the only one in charge of the administration, operation, maintenance, and control of the Hospital Valentín Tricoche in Ponce."

The main question raised in this appeal is whether or not the Municipality of Ponce is liable for the damages caused in the Municipal Hospital.

Through Act No. 213 of May 15, 1948, as amended (24 L.P.R.A. § 71), the Secretary of Health was empowered to organize, administer, operate and regulate the operation with Commonwealth and municipal funds of health centers in any Municipality of Puerto Rico, except the Government of the Capital, and to operate the existing municipal facilities in such municipalities as health centers, through agreement with the mayors, upon approval of the municipal assemblies.

Section 2 of said Act[1] empowers the Secretary of Health

---

[1] Said section provides:

"The Secretary of Health is hereby empowered to enter into agreements with the governments of said municipalities to organize, administer

to enter into agreements with the governments of said municipalities to organize, administer and operate health centers, and to operate as health centers the facilities existing in said municipalities.

The Secretary of Health, in consultation with the municipality determines the cost of expenses of organization, administration, operation, and equipment of each health center for each fiscal year. The Department of Health contributes half of these costs and the other half is contributed by the municipality, provided said sum does not exceed 35 percent of the municipal receipts estimated for operating expenses for that fiscal year. The municipalities may transfer to the Department of Health the total or part of the funds for the operation of the services as may be agreed upon with the Secretary of Health. 24 L.P.R.A. § 73.

---

and operate health centers; to operate as health centers the facilities existing in said municipalities; each agreement shall specify the contribution to be made by the municipality, which contribution shall be included through ordinance in the budget; it shall also specify the sums allocated by the Secretary of Health from the funds provided by sections 71–74 of this title and from the funds allocated in the operating budget of the Department for these purposes and which shall be budgeted by the Secretary of Health according to the requirements of the organization, administration, and operation of, and the purchase of equipment for, the health center; provided, that the office in each health center whose basic function is that of assisting the medical director in the administrative tasks, shall be comprised in the noncompetitive service under the provisions of the Personnel Act, sections 641–678 of Title 3, and that, those employees who during the nine months next preceding the effective date of the agreement were rendering services in municipal hospitals or health centers and receiving salaries from municipal funds and whose offices are transferred to be paid for by the Commonwealth government, shall continue to hold said offices as regular employees within the competitive service, provided the mayor has certified that their services have been satisfactory. Said employees shall be assigned the corresponding compensation in accordance with the schedules of the Uniform Compensation Act, sections 721–725 of Title 3, and their accumulated vacation and sick leaves on the date of the change shall be transferred according to the procedure established in this respect by the Office of Personnel; provided, that the leave so transferred shall be limited to the maximum permitted by the Personnel Act.

"In cases of vacancies in said offices, when the Office of Personnel has no eligibles available, the Director of Personnel is hereby empowered

In accordance with the provisions of the aforementioned Act No. 213, the Municipality of Ponce and the Secretary of Health entered into the following agreement:

"....AGREEMENT BETWEEN THE MUNICIPAL GOVERNMENT OF PONCE AND THE SECRETARY OF HEALTH OF PUERTO RICO FOR THE ESTABLISHMENT OF A COMBINED SYSTEM FOR THE IMPROVEMENT OF THE HEALTH SERVICES. ......................................................:...................... ......................................... THEY APPEAR .......................................

....AS PARTY OF THE FIRST PART: The Municipal Government of Ponce represented by its Mayor, Juan Luis Boscio. ........

....AS PARTY OF THE SECOND PART: The Department of Health of Puerto Rico represented by the Secretary of Health, Dr. Guillermo Arbona. ......................................................................

....Both parties agree to collaborate in the establishment of a combined system for the improvement of the health services rendered to the dwellers of Ponce and the Southern municipalities of Puerto Rico according to the map attached hereto, and according to the following conditions:

........1—In order to fulfill this agreement the Department of Health binds itself to appoint the following personnel to the Municipality of Ponce:

A—A medical director, acceptable to the Mayor, with experience and training in the administration of health services, to render full-time work in these services.

B—Nursing, laboratory, management or any other personnel according to the needs of the service, after agreement with the Mayor.

C—A full-time director for the Hospital Tricoche.

It shall be understood that the aforementioned personnel shall maintain, for all purposes, their status within the Person-

---

to select candidates from the registries that may have been established for the use of those municipalities where personnel administration under the merit system is in effect.

"The Secretary of Health is hereby authorized to carry out, in those municipalities with which the Department of Health may enter into agreements, capital improvements in the physical plant of the hospitals and other medical facilities, and to provide by purchase or transfer any equipment or supply that may be required to render adequate medical service." (24 L.P.R.A. § 72, 1968 Supp.)

nel Act of the Commonwealth of Puerto Rico. Said personnel must live in the Ponce jurisdiction.

........2—The Department of Health shall contribute that amount which is considered necessary for rendering such services. From its funds it shall also contribute medicines, surgical materials, and maintenance of the equipment and physical plant.

........3—The Department of Health binds itself to make the necessary repairs to the physical plant and the equipment. It shall also contribute for the acquisition of new equipment with the funds of the Department of Health and other funds which the Municipality may provide.......................................................

........4—During the fiscal year 1962–63, the Department of Health shall contribute not more than $200,000 for the operation expenses (personnel and other expenses) of these services, and not more than $70,000 for the improvement of the physical plant and equipment...........................................................................

........5—In order to perform this agreement the Municipality of Ponce agrees to:

A—Provide the physical plant and necessary equipment which include at the present time, the Hospital Valentín Tricoche and the operating dispensaries.......................................................

B—To designate as director of the Health services in Ponce, the medical director appointed by the Department of Health and to grant him and acknowledge the necessary authority to reorganize the services and direct the medical faculty, and in general to administer the health services in consultation with the Mayor...............................................................................................

........6—The Secretary of Health after agreement with the Mayor and with the director of these services shall establish the standards for rendering the services, the eligibility therefor, the administration, etc. There shall also be an Advisory Board constituted by the Mayor of Ponce, the chairman of the Municipal Assembly of Ponce, and three Assemblymen who shall watch over the proper administration of this agreement........................... This Board shall have full power to intervene in any matter concerning the administration of the medical-hospital services to be rendered in Ponce. The chairman of the Municipal Assembly shall appoint the other three Assemblymen who, together with him and the Mayor, will constitute this board, and such appointment shall be notified to the Secretary of Health of Puerto Rico for ratification..................................................................................

........7—During fiscal year 1962–63 the Municipal Government of Ponce shall contribute, according to the Municipal budget for those services, the amount of $588,476.00.....................................
........8—This agreement shall become effective ·as soon as the parties sign it, after the approval of the Municipal Assembly of Ponce................,.......................................................................
........9—The terms of this agreement may be amended through the mutual consent of the parties.................................................
........10—This agreement may be terminated by any of the parties, provided that the other party is notified to that effect 90 days in advance. ...................................................................................

Puerto Rico,                           1962

DEPARTMENT OF HEALTH OF P.R.
By:

Dr. Guillermo Arbona
SECRETARY

Municipality of Ponce
By:

Juan Luis Boscio
MAYOR

AFFIDAVIT NO.

Sworn to and signed before me by Dr. Guillermo Arbona, Secretary of Health of Puerto Rico and Juan Luis Boscio, Mayor of Ponce, whom I know personally, today            ,
1962, in                    ` , Puerto Rico.

NOTARY PUBLIC"

According to the above-copied agreement the administration of the health services in Ponce is in charge of the medical director appointed by the Department of Health, but said administration must be carried out in consultation with the Mayor. The standards on the rendering of the services, eligibility therefor, administration, etc., are established by the Secretary of Health, but after consulting with the Mayor

and the Director of these services. An Advisory Board constituted by the Mayor, the Chairman of the Municipal Assembly and three members of the assembly are in charge of watching for the proper administration of the agreement. This Board has the power to intervene in any matter concerning the administration of the medical-hospital services to be rendered in Ponce. For the fiscal year 1962–1963 the Municipality of Ponce contributed the amount of $588,476.00 for those services.

From the Act as well as from the agreement it appears that a combined system was established in Ponce, for rendering medical services in the Health Centers of that city.

■ The Municipality of Ponce did not vest upon the Secretary of Health the full administration of said centers. On the contrary and according to the agreement it has direct and substantial intervention in the administration of those services. Therefore, said municipality is also liable for the damages claimed in the complaint, if the alleged negligence and the amount of said damages is established.

■ When the combined or concurrent negligence of two or more persons causes some damage, the third-party complaint is the proper medium, within our code of civil procedure, to bring to court any tort-feasor who was not originally joined as party by the aggrieved party. *Parrilla García* v. *Water Resources Authority*, 92 P.R.R. 162 (1965); *Torres* v. *M.B.A.*, 91 P.R.R. 693 (1965); *Serralta* v. *Martínez Rivera*, 97 P.R.R. 454 (1969).

The summary judgment entered by the Ponce Part of the Superior Court, on November 10, 1969, will be reversed, and the case is remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.